IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZANA GILLESPIE | : | CIVIL ACTION |
| | : | |
| v. | : | No.  12-1631 |
| | : | |
| WACKENHUT CORP., et al. | : | |
| | : | |

## ORDER

AND NOW, this 18th day of April, 2013, it is ORDERED Plaintiff's Motion for Leave to File a Second Amended Complaint (Document 42) is DENIED, and the operative Complaint in this matter is the Amended Complaint.[1]

---

[1] Plaintiff Zana Gillespie brings this action claiming sex discrimination, retaliation, and constructive discharge pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., against Defendant The Wackenhut Corporation (Wackenhut), and individual Defendants Nicole Brenton and Julius Franks.  She initially filed suit in the Philadelphia Court of Common Pleas on March 22, 2012, which Defendants removed to this Court on April 2, 2012.  She filed an Amended Complaint on April 27, 2012, and a Second Amended Complaint on July 9, 2012.  The Second Amended Complaint added claims pursuant to the Pennsylvania Humans Relations Act (PHRA).  After 21 days from a response to a complaint has elapsed, a plaintiff may only amend her complaint with defendant's written consent, or the Court's permission. Fed. R. Civ. P. 15(a)(2).  As Gillespie failed to comply with this rule, the Court granted Defendants' motion to strike her Second Amended Complaint on January 9, 2013.  On January 17, 2013, Gillespie filed the instant motion for leave to file a Second Amended Complaint.

Gillespie argues the Court should grant her motion as Rule 15(a)(2) provides, "[t]he court should freely give leave when justice so requires."  However, amendment to a complaint does not have to be granted where it would be futile. *Kenny v. United States*, 489 F. App'x 628, 633 (3d Cir. 2012).  Futility means the complaint as amended would fail to state a claim upon which relief could be granted. *Burtch v. Milberg Factors, Inc*., 662 F.3d 212, 231 (3d Cir. 2011).  Thus the relevant inquiry is whether the added PHRA claims would state a claim upon which relief could be granted.

As the statute of limitations has run on Gillespie's PHRA claim, she cannot state a claim on these causes of action.  Gillespie filed a dual complaint with the Pennsylvania Human Relations Commission (PHRC) and Equal Employment Opportunity Commission (EEOC) on August 5, 2008.  On September 3, 2010, the PHRC dismissed Gillespie's complaint and issued her a right to sue letter.  Pennsylvania law provides that an action under the PHRA "shall be filed

It is further ORDERED Plaintiff shall have until May 2, 2013, to respond to Defendants Nicole Brenton and Julius Franks's Motion to Dismiss.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez

---

within two years after the date of the notice from the Commission closing the complaint." 43 Pa. Stat. Ann. § 962(c)(2). Therefore, Gillespie had until September 3, 2012, to file a Complaint alleging claims pursuant to the PHRA. Gillespie filed her Second Amended Complaint on July 9, 2012, within the statute of limitations; however, this motion was procedurally deficient and was struck by the Court on January 9, 2013. Gillespie did not file the motion for leave to file a Second Amended Complaint until January 17, 2013, four months after the statute of limitations had run. A "'statute of limitations is not tolled by the filing of a Complaint subsequently dismissed without prejudice,' as 'the original complaint is treated as if it never existed.'" *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (quoting *Cardio-Medical Assocs. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 77 (3d Cir. 1983)). Only where a complaint is dismissed without prejudice in an order containing conditions for reinstatement within a specified time period is the statute of limitations tolled for the provided period. *Id.*

     In this instance, the Second Amended Complaint was stricken, and, like a complaint dismissed without prejudice, is treated as if it had never existed. There were no conditions for reinstatement such to justify tolling the statute of limitations. Therefore, the statute of limitations ran on September 3, 2012. As Gillespie's PHRA claims are time barred, an amended complaint adding only PHRA claims would be futile. Recognizing that Gillespie filed her Second Amended Complaint before the statute of limitations ran, the Court also notes the complaint was challenged before the statute of limitations ran. Nothing prevented Gillespie from filing a Motion for Leave to File a Second Amended Complaint at that point. Nor does there appear to be any reason why Gillespie could not have added the PHRA claims in any of her earlier complaints. For the foregoing reasons, this Court denies Gillespie's motion.